**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRGIL HUMPHREY,<br><br>                            **Plaintiff,**<br><br>v.<br><br>PENNYMAC HOLDINGS, LLC,<br><br>                            **Defendant** | Civ. No. 15-cv-3622 (KM)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Virgil Humphrey, brings this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.* The underlying debt is apparently a home mortgage or home equity loan, and the original lender is alleged to be Washington Mutual Bank, F.A. Currently before the court is the motion of the defendant, PennyMac Holdings, LLC, to dismiss the complaint for inadequate service and also for failure to state a claim, under Fed. R. Civ. P. 12(b)(6).

**The complaint**

The complaint (ECF no. 1) is based on a note secured by a mortgage, having Washington Mutual Bank as lender and Humphrey as borrower. (Cplt. ¶¶36, 37) The defendant attaches a copy of the note and mortgage, in the amount of $182,000. (ECF nos. 4-3, 4-4)[1] The complaint alleges that

---

[1] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d

Washington Mutual "assigned, placed with, or otherwise transferred" the loan to the defendant here, Pennymac, "for collection." (Cplt. ¶ 7)

The complaint alleges that PennyMac filed a "debt collection action" which "masqueraded as a foreclosure action" in New Jersey Superior Court, Chancery Division. (Cplt. ¶ 8) Again, the defendant attaches a copy of the state court complaint in foreclosure, and it is permissible to consider it as corroboration that the foreclosure action exists. (ECF no. 4-6).

Count 1 alleges a violation of the FCRA. PennyMac, it says, is a "credit furnisher." *See* 15 U.S.C. § 1681a(c). Such a furnisher is obligated to furnish accurate information and correct misinformation given to credit agencies. *See* 15 U.S.C. § 1681s-2(a). Plaintiff allegedly gave notice that credit reporting agencies Equifax, Experian, and Transunion possessed inaccurate information, but neither they nor PennyMac corrected it. (Cplt. ¶¶ 17-24)

Count 2 alleges a violation of the NJCFA, N.J. Stat. Ann. § 56:8-1 *et seq.* It rests on essential the same factual allegations as Count 1.

Count 3 alleges a violation of the FDCPA, 15 U.S.C. § 1692. Humphrey alleges that he is a "consumer," 15 U.S.C. § 1692a(3), that PennyMac is a "debt collector," 15 U.S.C. § 1692(a)(6), and that the debt is for "household purposes," 15 U.S.C. § 1692a(5). The complaint alleges that Humphrey served PennyMac with notice that he disputed the debt, 15 U.S.C. § 1692g(2), but that defendant failed to provide verification in response. This count also claims that preconditions to the foreclosure action, such as a demand for payment in full, were not met. All of these, according to the complaint, constituted violations of FDCPA because they were unfair or deceptive means of collecting a debt.

---

Cir.1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

**Standard on a motion to dismiss**

Defendants have moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly*, *see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Humphrey here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v.*

3

*Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan,* 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### Analysis

#### 1. Service of process

PennyMac moved to dismiss the complaint for inadequate service of process, in that the summons was not properly signed and sealed. It appears that the defect has been remedied. (*See* ECF nos. 7, 11) The motion to dismiss on this basis is therefore denied.

#### 2. Count 1 (FCRA)

This count alleges that PennyMac, as a credit information furnisher, breached a duty to provide accurate information, to refrain from providing information after a consumer has informed it that its accuracy is disputed, and to correct and update information already provided. 15 U.S.C. § 1681s-2(a)(1), (2) & (3). PennyMac contends that there is no private right of action for violation of those subsections, which merely list "responsibilities" of credit furnishers. PennyMac cites *Wright v. Portfolio Recovery Affiliates,* No. Civ. A. 09-612-GMS, 2011 WL 1226115, at *3 (D. Del. Mar. 30, 2011).

In *Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28 (3d Cir. 2011), the Third Circuit rested its holding, in part, on the lack of any such private right of action:

> Furthermore, Huertas cannot base his claim on 15 U.S.C. § 1681s–2(a)(1)(A), because no private right of action exists under that provision. See 15 U.S.C. § 1681s–2(c), (d); *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059 (9th Cir. 2002). Accordingly, we will affirm the District Court's dismissal of Huertas's FCRA claim against AMP.

*Id.* at 34–35. That statement was reaffirmed in more detail in *Seamans v. Temple Univ.,* 744 F.3d 853 (3d Cir. 2014):

> FCRA imposes an explicit duty on furnishers of credit information to report a dispute to all CRAs to whom it provides the information as part of a reasonable investigation. 15 U.S.C. § 1681s–2(a)(3).10 Private enforcement of that obligation, however, as with other duties arising under § 1681s–2(a), is not permitted. Id. § 1681s–2(c)(1).

*Id.* at 866.

I will therefore grant the motion to dismiss count 1.

*Seamans* also suggests, however, that the dismissal should be without prejudice, as amendment might not be wholly futile:

> We ... conclude that a private cause of action arises under 15 U.S.C. § 1681s–2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed.

*Id.* at 867. Such a cause of action is properly asserted *via* 15 U.S.C. § 1681o.

Any amended complaint should state the particular manner in which the information furnished to the credit reporting agencies was inaccurate. As it stands, it merely states that the information was "inaccurate or erroneous" and that it misstated the debt in some way.

### 3.   Count 2 (NJCFA)

To state a claim under the NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice that caused an ascertainable loss to the plaintiff. Cox v. Sears Roebuck & Co., 138 N.J. 2, 647 A.2d 454, 462–465 (1994)....

The NJCFA defines "unlawful practice" as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise....

N.J.S.A. § 56:8–2. "Unlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations." *Cox*, 647 A.2d at 462.

*Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007).

The only "unlawful practice" alleged is the alleged violation in Count 1. I have dismissed Count 1, albeit without prejudice to amendment. Count 2 is likewise dismissed without prejudice.

### 3.    Count 3 (FDCPA)

PennyMac contends that it is not covered by the FDCPA, which applies to "debt collectors," not to creditors acing on their own account. The Complaint states, and PennyMac seems to agree, that it owns the mortgage by virtue of assignment. (The chain of assignments, however, and the date of the assignment to PennyMac, is unclear.)

The Complaint alleges, however, that PennyMac is in reality a debt collector for another, and that the state court action is a collection action masquerading as a foreclosure action. (Cplt. ¶¶ 8–12)

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692(a)(4).

Those allegations, though far from specific, are barely sufficient to go forward, particularly in light of the plaintiff's *pro se* status. I note, however, that certain of the factual averments in Count 3 seem to pertain directly to the merits of the foreclosure, not to plaintiff's federal-law claims as such.

### CONCLUSION

A word about the future progress of this case. Although certain of the relevant documents are attached, the surrounding circumstances remain murky. To be sure, the defendant has raised serious concerns about the viability of the claims. The court also has concerns about potential issues of jurisdiction under *Rooker-Feldman* or abstention under *Colorado River,* depending on the relation between these allegations and the merits of the

foreclosure action; foreclosure-related issues should be decided in the foreclosure action, not in satellite federal court litigation.

It seems, however, that targeted discovery could furnish the basis for a resolution of claims via summary judgment. Such issues, extrinsic to the pleadings, would include PennyMac's status as a bona fide assignee vs. debt collector; the progress and status of the state court foreclosure; the alleged status of the loan as a "household" debt; the chain of assignments to PennyMac; and other matters. Rather than haggle about "specificity" of allegations, we may simply resolve the issues factually. The parties shall, within 30 days, arrange a conference with the Magistrate Judge to guide and schedule such discovery.

For now, however, the Defendant's motion to dismiss the complaint (ECF no. 4) is GRANTED WITHOUT PREJUDICE as to Counts 1 and 2, but DENIED as to Count 3.

Dated: March 2, 2016

_____
KEVIN MCNULTY
United States District Judge