WOMBLE CARLYLE SANDRIDGE
& RICE, LLP
Kevin J. Mangan (NJ Bar No. 030721989)
Nicholas T. Verna (NJ Bar No. 077182013)

222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
302-252-4320
Attorneys for PennyMac Holdings, LLC

|  |  |
|---|---|
| VIRGIL HUMPHREY,<br><br>           Plaintiff,<br>v.<br><br>PENNYMAC HOLDINGS, LLC,<br><br>           Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2:15-cv-03622-KM-MAH<br><br>**DEFENDANT'S STATEMENT OF<br>MATERIAL FACTS NOT IN DISPUTE** |

**COMES NOW** PennyMac Holdings, LLC ("PennyMac"), and pursuant to LR 56.1(a), hereby files this its Statement of Material Facts Not in Dispute, and shows the Court as follows:

1.

**A.     Plaintiff's Loan Secured by His Investment Property**

On June 15, 2006, Plaintiff Virgil Humphrey obtained a mortgage loan (the "Loan") from Washington Mutual Bank, FA ("Washington Mutual") to purchase real property located at 97 Wilkinson Avenue, Jersey City, New Jersey 07305 (the "Property").  (**Exhibit 1**, Declaration of Manual Mata, Jr. ("Declaration") at ¶¶ 5-6.)

2.

Plaintiff executed a Note in favor of Washington Mutual in the principal amount of $182,000.00, dated June 15, 2006 (the "Note").  (*Id.* at ¶ 5; Ex. A (Note).)

3.

Plaintiff also executed a Mortgage securing the Loan, dated June 15, 2006 (the "Mortgage"), which was recorded in the Real Property records of Hudson County, New Jersey at Book 14625, Page 34.  (*Id.*, at ¶ 7, Ex. B (Mortgage).)

4.

On September 25, 2008, the Federal Deposit Insurance Company ("FDIC") was appointed receiver for Washington Mutual and transferred the Washington Mutual assets to JPMorgan Chase Bank, N.A. ("Chase") pursuant to a Purchase and Assumption Agreement dated September 25, 2008.  (*Id.*, at ¶ 10, Ex. E (Purchase and Assumption Agreement).)

5.

The FDIC assigned the Mortgage to Chase via a New Jersey Assignment of Mortgage dated January 25, 2013, which was recorded on February 5, 2013 in the real property records for Hudson County, New Jersey at Book 1198, Page 655, and an Assignment of Mortgage dated February 15, 2013 (collectively, the "First Assignment"), which was recorded on February 20, 2013 in the real property records of Hudson County, New Jersey at Book 1198 Page Number 809.  (*Id.* at ¶ 11, Ex. F (First Assignment).)

6.

Chase later assigned the Mortgage to PennyMac pursuant to an Assignment of Mortgage dated April 1, 2014 ("Assignment"), which was recorded on April 15, 2014 in the real property records of Hudson County, New Jersey at Book 1208, Page Number 699 (the "Second Assignment").  (*Id.* at ¶ 12, Ex. G (Second Assignment).)

7.

PennyMac's primary business is the ownership of mortgage loans, which are frequently serviced by its affiliate, PennyMac Loan Services, LLC.  (*Id.* at ¶ 14.) PennyMac is the holder of the Note and Mortgage securing the Property, and PennyMac has not attempted to collect the Loan or pursue foreclosure on the Property in order to collect such debt on behalf of another. (*Id.* at ¶ 14.)

8.

**B.  The Loan Is Secured By Plaintiff's Investment Property.**

In applying for the Loan, Plaintiff submitted and signed a Uniform Residential Loan Application dated June 15, 2006 ("Loan Application").  (*Id.* at ¶ 8, Ex. C (Loan Application).)

9.

On his Loan Application, Plaintiff identified his home address as 178 Tidwell Farms Drive, Powder Spring, Georgia ("Plaintiff's Residence"). (*Id.*, at p. 1.)

10.

The Loan Application included an Acknowledgement and Agreement pursuant to which Plaintiff "specifically represent[ed] to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct . . . (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) *the property will be occupied as indicated in this application* . . .."   (*Id.*, at p. 3 (emphasis added).)

- 3 -

11.

Plaintiff represented that the Property was to be used for "Investment" purposes. (*Id.*, at p. 1.)

[Form excerpt: PROPERTY INFORMATION AND PURPOSE OF LOAN]

Subject Property Address: 97 WILKINSON AVENUE, JERSEY CITY, NJ 07305
County: HUDSON
No. of Units: 2
Legal Description: LOT: 8 BLOCK: 1311 PARCEL # N.J.S.A.46.15-2.1. [SEE PAGE 4 LEGAL DESC]
Year Built: 2000
Property Type: [X] 1-4 SFR
Purpose of Loan: [X] Refinance
Property will be: [X] Investment
Amount Existing Liens: 149,342
Purpose of Refinance: OTHER
Title will be held in what Name(s): VIRGIL HUMPHREY
[SEE PAGE 4 TITLE HELD]

Borrower: VIRGIL HUMPHREY
[X] Married
[X] Own
Present Address: 176 TIDWELL FARMS DR, POWDER SPRINGS, GA 30127
Mailing Address: 176 TIDWELL FARMS DR., PODER SPRINGS, GA 30127

12.

Also in connection with the Loan, Plaintiff executed an "Occupancy, Misrepresentation and Nondisclosure Affidavit and Agreement," dated June 15, 2006 ("Occupancy Affidavit"), in which he confirmed under oath that he "shall rent the Property and shall not occupy the Property." (*Id.*, at ¶ 9, Ex. D (Occupancy Affidavit).)

13.

As the Property was acquired by Plaintiff as an investment property, a "1-4 Family Rider for Assignment of Rents" accompanied the Mortgage and was recorded therewith in the Real

- 4 -

Property records of Hudson County, New Jersey at Deed Book 14625, Page 56. (*Id.* at ¶ 7, Ex. B (Mortgage), at Bk. 14625, Pg. 56-59.)

14.

Furthermore, on May 4, 2013, Plaintiff sent Chase a "Request for Mortgage Assistance Form," which again identified the Property as "investment," confirmed that the Property as "Renter-Occupied," and identified his address as Plaintiff's Residence 176 Tidwell Farms Drive, Powder Springs, Georgia 30127. (*Id.* at ¶ 13, Ex. H, p. 1, 6 (Modification Request).)

15.

Additionally, since 2012, Plaintiff has filed three Chapter 13 bankruptcy petitions, all of which were dismissed for failure to pay filing fees.

16.

On December 3, 2012, Plaintiff filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 4:12-bk-43619, filed December 3, 2012 which was dismissed for failure to pay filing fees on March 5, 2013. (**Exhibit 2**, (PACER Docket for 2012 Bankruptcy Action).) Also on April 1, 2014, Plaintiff filed a second petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 4:14-bk-40764, which was dismissed for failure to pay filing fees on July 11, 2014. (**Exhibit 3**, (PACER Docket for 2014 Bankruptcy Action).) Plaintiff filed a third petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 4:16-bk-40478, which was also dismissed for failure to pay filing fees on May 12, 2016. (**Exhibit 4**, (PACER Docket for 2016 Bankruptcy Action).)

17.

In each Voluntary Petition, Plaintiff identified Plaintiff's Residence at 178 Tidwell Farms Drive, Powder Spring, Georgia as his home address, as he did in his loan application.  (**Exhibits 5 - 7**, (2012, 2014, and 2016 Voluntary Petitions, respectively).)  In his Civil Cover Sheet for this action, Plaintiff likewise identified his residence as Plaintiff's Residence at 178 Tidwell Farms Drive, Powder Spring, Georgia.  (**Exhibit 8**, (Civil Cover Sheet).)  In his various filings in the State Court Action, discussed below, Plaintiff likewise listed his address as Plaintiff's Residence in Georgia.  (**Exhibit 1**, Declaration at ¶¶ 16, 18, 20 Ex. L, P, S.)

18.

Additionally, in discovery in this action, Plaintiff identified the Property as one of his rental properties and produced two leases for the Property and his most recent tax returns identifying the property as a rental property. (**Exhibit 13**, Plaintiff's Responses to Defendants' Interrogatories, and Requests for Production of Documents, served November 13, 2016 ("Pl. Supp. Discovery Responses."),[1] at Rog. No. 8 and documents produced at pp. 33-40, 47.)

19.

**C. Prior State Court Foreclosure Action Has Been Adjudicated Against Plaintiff.**

On July 16, 2014, PennyMac's counsel at the time, Zucker, Goldberg, Ackerman LLC (the "Zucker Firm"), filed a Complaint for Foreclosure  in the Superior Court of New Jersey, Chancery Division for Hudson County, Docket No. F-028973-14, seeking foreclosure on the Property and related relief (the "State Court Action").  (*Id.* at ¶ 15, Ex. I (Complaint for Foreclosure).)

---

[1] Plaintiff's Supp. Discovery Responses contain a numbering error and include two Interrogatory Nos. 11.

20.

The Zucker Firm included with the complaint a notice regarding the debt that notified Plaintiff that he had 30 days from receipt to notify the Zucker Firm that the debt was disputed. (*Id.*)

21.

On August 28, 2014, Plaintiff filed a Verified Answer in response to the Foreclosure Complaint and included a "Consumer Notice of Dispute of Debt" ("Notice of Dispute"), as well as an "Affidavit of Mailing," documenting his mailing on August 19, 2014.  (*Id.* at ¶ 19, Exs. J-L (Answer, Notice of Dispute, and Affidavit of Mailing).)

22.

Plaintiff asserts in the Complaint in this action that the Notice of Dispute was served on August 19, 2014.  (Dk. 1, Complaint, ¶ 9.)

23.

In his Answer in the State Court Action, Plaintiff asserted that "[PennyMac] Lacks Standing."  (*Id.* at ¶ 19, Ex. J, at p. 2 (Answer).)

24.

In his Answer in the State Court Action, Plaintiff further asserted that Plaintiff "dispute[d] …the identity of the true owner (if any) of this alleged debt, the alleged amount due and owing …and the Plaintiff's alleged authority and capacity to collect and or sue on behalf of same."  (*Id.* at ¶ 19, Ex. K, at p. 1 of Notice of Dispute (Notice of Dispute).)

25.

On February 19, 2015, PennyMac filed its Motion for Summary Judgment in the State Court Action.  (*Id.* at ¶ 20, Ex. M (PennyMac's Memorandum in Support of Summary Judgment).)

26.

In support of summary judgment, PennyMac contemporaneously filed its Certification, attaching and verifying the loan documents and default, including the Note and Mortgage, which identified the name and address of the original creditor, thereby validating the debt. (*Id.* at ¶ 20, Ex. N (PennyMac's Certification).)

27.

In discovery, Plaintiff failed to identify any communications or efforts to collect on his debt that he alleges violated the FDCPA undertaken prior to PennyMac's service of the Summary Judgment Motion. (**Exhibit 13**, Pl. Supp. Discovery Responses, at Rog. Nos. 13 (requesting Plaintiff to identify all communications with PennyMac or its counsel) and 17 (requesting Plaintiff to identify all "debt collection activity that you allege PennyMac took in violation of the FDCPA or before the debt at issue was verified").)

28.

The Summary Judgment Motion and Certification filings were served on Plaintiff February 19, 2015.  (*Id.* at ¶ 20, Ex. O (Proof of Service).)

29.

On March 6, 2015, Plaintiff filed an opposition to PennyMac's Motion for Summary Judgment in the State Court Action raising similar arguments as he does in this lawsuit that he

"den[ies] that [the debt at issue] is still a valid debt," that he was not given notice of acceleration, and that PennyMac's counsel has "misrepresent[ed] [PennyMac's] status as a creditor." (*Id.* at ¶ 21, Ex. P, Affidavit at p. 1 of 2 (Affidavit) and p. 1 of 7 (Memorandum).)

30.

His opposition papers include the allegation, as in the Complaint in this action, that the FDCPA was violated based on a purported failure to validate the debt in response to the Notice of Dispute and that PennyMac could not foreclose as a result. (*Id.* at pp. 2-3 of 7 (Memorandum).)

31.

On March 20, 2015, the State Court entered its Order Granting Summary Judgment, which granted foreclosure relief requested by PennyMac and rejected Plaintiff's challenges to the debt and arguments as to PennyMac's standing. (*Id.* at ¶ 22, Ex. Q (Order Granting Summary Judgment).)

> Here, [PennyMac] has provided this Court with proof of execution, recording, and default of the Note and Mortgage. Thus, even though Defendant denies execution, recording, and default, in his Answer, Plaintiff has demonstrated that there is no genuine issue as to any material facts. . . . Defendant's Opposition did, however, raise an issue as to [PennyMac's] standing. Here, Plaintiff has provided certification of a representative attesting to Plaintiff's possession of the Note and Mortgage prior to the commencement of the action . . . Based on the above, it is clear that [PennyMac] has standing to foreclose . . . .

(*Id.*, p. 3.)

32.

On July 28, 2016, PennyMac filed its Application for Entry of Final Judgment. (*Id.* at ¶ 23, Ex. R (Application for Entry of Final Judgment).)

- 9 -

33.

On August 12, 2016, Plaintiff filed his Motion and Response in Objection to the Plaintiff's Motion and Application for Final Judgment, purporting to object to "all actions of Fraud and DECEPTION" and including a purported "Grievance letter" asserting violations of the FDCPA stating that PennyMac failed to show that it was "authorized by the actual lender to foreclosure on my property." (*Id.* at ¶ 23, Ex. S at p. 2, 9-10 (Opposition to Final Judgment).)

34.

On September 19, 2016, the State Court entered Final Judgment in favor of PennyMac and directed sale of the Property by the Sheriff.  (*Id.* at ¶ 23, Ex. T (Final Judgment).)

35.

On September 19, 2016, the State Court also entered a Writ of Execution directing the Sheriff to proceed with the sale. (*Id.* at ¶ 23, Ex. U (Writ of Execution).)

36.

A foreclosure sale pursuant to the Writ has been scheduled by the Sheriff's office for February 2, 2017.  (*Id.* at ¶ 18.)

37.

**D.  Plaintiff's Instant FDCPA Action**

Following the grant of summary judgment in favor of PennyMac on March 20, 2015, in the State Court Action, Plaintiff filed this action on May 29, 2015.  [Dk. No. 1.]

38.

Plaintiff's Complaint purported to allege claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the New Jersey Consumer Fraud Act ("NJCFA"), New Jersey

St. Ann. § 56:8-1, and FDCPA.[2] PennyMac moved to dismiss the Complaint on July 2, 2015 (the "Motion to Dismiss"). [Dk. No. 4.]

39.

This Court granted the Motion to Dismiss in part on March 2, 2016 (the "Dismissal Order"), dismissing the FCRA and NJCFA claims. [Dk. No. 13.] Following the Dismissal Order, only Plaintiff's purported claims under the FDCPA remain. [*Id.*]

40.

With his remaining FDCPA claim, Plaintiff purports to challenge the validity of the debt and raises substantially the same challenges as asserted in the State Court Action, including the alleged failure to accelerate the Loan, efforts to collect on a "non-existent debt," and failure to validate the debt in response to the Notice of Dispute. (Compl., at ¶¶ 35-40).

41.

The record reflects that Plaintiff was repeatedly given opportunities to provide the factual basis of his claims in response to discovery and was ordered twice to do so, but Plaintiff's discovery responses confirm that his claims have no evidentiary support and cannot be established. (Ex. 13, Pl. Supp. Disc. Resp., at Rog. Nos. 8, 11, 12, 14, 17, 19-24.)

---

[2] In other courts, Plaintiff has also filed (i) a wrongful foreclosure lawsuit against PennyMac Loan Servicing, LLC in Georgia in connection with another loan in Humphrey v. PennyMac Loan Services, LLC, et al., Civil Action File No. 2014CV250769, in the Superior Court of Fulton County, Georgia, which was dismissed on summary judgment and (ii) a similar FDCPA claim in Humphrey v. PennyMac, 4:16-00043-HLM, (N.D. Ga. Feb. 2, 2013), which was also dismissed for failure to state a claim. On July 27, 2016, Humphrey filed another wrongful foreclosure action relating to his Georgia loan, Humphrey v. PennyMac Loan Services, LLC, et al., Civil Action File No. 2016CV278122, in the Superior Court of Fulton County, Georgia.

42.

On April 14, 2016, PennyMac served Plaintiff with its First Set of Interrogatories and Requests for Production to Plaintiff (the "Original Discovery Requests"). [Dk. 25; **Exhibit 9**, (Original Discovery Requests).] Following Mr. Humphrey's Motion for Protective Order filed in response to the Original Discovery Requests [Dk. No. 26.], and a conference before Judge Hammer, Judge Hammer entered an order on August 3, 2016, directing PennyMac to reserve its written discovery and ordered responses to be served by September 28, 2016. [Dk. 32.] On August 4, 2016, PennyMac re-served its discovery (the "Re-Served Discovery Requests"). [Dk. 33; **Exhibit 10**, (Re-Served Discovery Requests).] On September 23, 2016, Plaintiff served his Objections and Responses but failed to substantively respond to the discovery or produce documents (the "Objections to the Re-served Discovery Requests"). (**Exhibit 11**, (Objections to the Re-served Discovery Requests).) Following PennyMac's efforts to confer with Plaintiff, (**Exhibit 12**, (meet and confer requests)), and a second conference with Judge Hammer, Plaintiff was again ordered to answer PennyMac's discovery and produce documents. [Dk. 26.]

43.

Plaintiff himself served two sets of discovery, to which PennyMac has responded and produced documents, which despite being untimely, PennyMac served responses and produced 379 documents. [Dk. 34-36, 39.]

44.

On November 13, 2016, Plaintiff served Plaintiff's Supplemental Discovery Responses and documents. Despite multiple requests targeted at the elements of Plaintiff's claims and the allegations of the Complaint, Plaintiff has not come forward with any factual evidence to support

any violation of the FDCPA. Instead, Plaintiff's Supplemental Discovery Responses confirm that that the Property is among Plaintiff's rental properties (Rog. No. 8) and that his claims are based on restatements of the rejected legal theories asserted in the State Court Action. (See, e.g., Ex. 13, Pl. Supp. Disc. Resp., at Rog. Nos. 8, 11, 12, 14, 17, 19-24.)

45.

In response to a request for Plaintiff to "[i]dentify all debt collection activity (separately, by type, date and occurrence) that [he] allege[s] PennyMac took in violation of the FDCPA or any other law before the debt at issue was verified, as alleged in, for example, paragraph 35 of the Complaint," Plaintiff states no facts and responded "FCRA, violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681." (*See, e.g.*, Ex. 13, Pl. Supp. Disc. Resp., at Rog. No. 17.)

46.

These responses were given after multiple efforts to confer with Plaintiff and after Plaintiff was twice ordered to provide complete responses and all responsive documents. ([Dk. 25-26]; Exhibit 12 (meet and confer requests).)

47.

The only documents produced by Plaintiff are comprised of portions of dockets for litigation involving Plaintiff (pp. 17-27), two leases of the Property (pp. 33-40), a lease of Georgia rental property (pp. 28-32), and his unsigned federal and state tax returns (pp. 40-53), which included a "2015 Asset Detail Report" listing the Property as a "Rental Property" (p. 47). (Ex. 13, Pl. Supp. Disc. Resp.)

Dated: December 5, 2016.                    Respectfully submitted,

                                                  WOMBLE CARLYLE SANDRIDGE &
                                                  RICE, LLP


                                                  /s/ Kevin J. Mangan
                                                  Kevin J. Mangan (NJ Bar No. 030721989)
                                                  Nicholas T. Verna (NJ Bar No. 077182013)
                                                  222 Delaware Avenue, Suite 1501
                                                  Wilmington, DE 19801
                                                  Telephone:  302-252-4320
                                                  Facsimile:  302-661-7738
                                                  E-mail: kmangan@wcsr.com
                                                  E-mail: nverna@wcsr.com

                                                  *Attorneys for Defendant PennyMac Holdings, LLC*

## **CERTIFICATE OF SERVICE**

  I, Kevin J. Mangan, certify that a copy of the foregoing was electronically filed by CM/ECF and I caused a copy to be served upon the party below by first class mail:

Virgil Humphrey
c/o 176 Tidwell Farms Drive
Powder Springs, GA 30127

  Under penalty of perjury, I declare that the foregoing is true and correct.


Dated: December 5, 2016.       /s/ Kevin J. Mangan
                 Kevin J. Mangan (NJ Bar No. 030721989)