UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VIRGIL HUMPHREY,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**PENNYMAC HOLDINGS, LLC,**<br><br>　　　　　　Defendant. | Civ. No. 15-3622 (KM) (MAH)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

## I.   INTRODUCTION

The plaintiff, Virgil Humphrey, brings this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.[1] Now before the court is the motion (ECF no. 42) of the defendant, PennyMac Holdings, LLC, ("PennyMac") for summary judgment, pursuant to Fed. R. Civ. P. 56.[2] For the

---

[1] I previously dismissed two other counts alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.* (Memorandum Opinion and accompanying Order, ECF nos. 12, 13)

[2] Record items cited repeatedly will be abbreviated as follows:

| | |
|---|---|
| "Compl." = | Complaint (ECF no. 1) |
| "Def. Br." = | Memorandum of Law in Support of Defendant's Motion for Summary Judgment (ECF no. 43) |
| "Def. Facts" = | Defendant's Statement of Material Facts Not in Dispute (ECF no. 44) |
| "Pl. Aff." = | Affidavit of Virgil Humphrey in Support of Plaintiff's Cross Motion for Summary Judgment, dated January __, 2017, and faxed on January 2, 2017. This affidavit was not filed on the docket, but a copy was supplied to defense counsel and the Court, and it is cited in the papers. I have filed a copy to complete the record. |

reasons expressed below, PennyMac's motion for summary judgment is GRANTED.

## II. BACKGROUND

### A. Relevant Facts[3]

On June 15, 2006, Humphrey obtained a mortgage loan (the "Loan") in the amount of $182,000 from Washington Mutual Bank, FA ("Washington Mutual") to purchase real property located at 97 Wilkinson Avenue, Jersey City, New Jersey 07305 (the "Property"). (Def. Facts ¶¶ 1–2) Humphrey executed a Note and a Mortgage securing the loan. (*Id.* Ex. A; Ex. B)

In his loan application, signed June 15, 2006, Humphrey identified a Powder Spring, Georgia address as his home address. (*Id.* ¶¶ 9–10; Ex. C)

---

"Def. Reply" = Defendant's Response to Plaintiff's Cross Motion for Summary Judgment and Reply in Support of Defendant's Motion for Summary Judgment (ECF no. 46)

[3] PennyMac submitted a Statement of Material Facts, to which Humphrey has not responded. PennyMac asks that the Court consider the facts in its statement to be admitted for the purpose of summary judgment. (Def. Reply 3)

If a party fails to address the other party's properly supported assertion of fact, the court may consider "grant[ing] summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e). Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement. L. Civ. R. 56(a). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, Civ. No. 08-3975, 2010 WL 2710555 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law.'" (quoting *Anchorage Assoc.*, 922 F.2d at 175)).

I have therefore reviewed Humphrey's complaint, his cross motion and Affidavit, and the entire case file, with an eye to assertions of fact that may be supported by the evidence of record.

Humphrey also represented that this New Jersey Property was to be used for "Investment" purposes. (*Id.* ¶ 11; Ex. C) On that date, Humphrey also executed an "Occupancy, Misrepresentation and Nondisclosure Affidavit and Agreement," dated June 15, 2006 ("Occupancy Affidavit"), in which he confirmed under oath that he "shall rent the Property and shall not occupy the Property." (*Id.* ¶ 12; Ex. D)

On September 25, 2008, pursuant to a Purchase and Assumption Agreement, the Federal Deposit Insurance Company ("FDIC") was appointed receiver for Washington Mutual. The FDIC transferred the Washington Mutual assets to JPMorgan Chase Bank, N.A. ("Chase"). (*Id.* ¶ 4; Ex. E)

The FDIC assigned the Mortgage to Chase and the assignment was recorded in Hudson County's real property records. (*Id.* ¶ 5; Ex. F) Thereafter, in April 2014, Chase assigned the Mortgage to PennyMac. This second assignment was also recorded in Hudson County's real property records. (*Id.* ¶ 6; Ex. G)

PennyMac is the holder of the Note and Mortgage securing the Property. (*Id.* ¶ 7) PennyMac's primary business is the ownership of mortgage loans. (*Id.*)

### B. Procedural Background

On July 16, 2014, PennyMac filed a foreclosure complaint against Humphrey in the Superior Court of New Jersey, Chancery Division, Hudson County. (*Id.* ¶ 19) On March 20, 2015, the Superior Court entered its Order Granting Summary Judgment, which granted the foreclosure relief requested by PennyMac. (*Id.* ¶ 31)

Subsequently, on May 29, 2015, Humphrey initiated this federal-court action. (*Id.* ¶ 37) On December 5, 2016, PennyMac filed the motion for summary judgement, pursuant to Fed. R. Civ. P. 56, that is now before this Court.

The briefing schedule set by Magistrate Judge Hammer required that papers in opposition to PennyMac's motion be filed by December 21, 2016.(ECF no. 41 ¶ 5 & p. 3) To date, Humphrey has not filed any Opposition to

3

PennyMac's summary judgment motion with the Court. On January 6, 2017, however, PennyMac filed a Reply on its summary judgment motion and response to Humphrey's cross-motion. (Def. Reply, ECF no. 46) That Reply stated that Humphrey had served a Cross Motion for Summary Judgment and Affidavit via fax to PennyMac's counsel on January 2, 2017. (Def. Reply at 1 n.1)

As of June 5, 2017, however, no papers from Humphrey had been filed on the docket or received by the Court. The Court entered an order requiring that, if Humphrey intended to oppose PennyMac's motion for summary judgment, he provide reasons for missing the December 21, 2016 deadline and attach a proposed brief in opposition to the motion. (ECF no. 47) Humphrey filed nothing in response.

Out of abundant consideration for Humphrey's *pro se* status, the Court requested from PennyMac's counsel copies of Humphrey's unfiled Cross Motion and Affidavit. I have filed those documents on the Court's docket. I have considered them as if they had been timely filed in opposition to PennyMac's summary judgment motion.

### III. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be

discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

A *pro se* litigant, such as Humphrey here, is ordinarily entitled to considerable leeway. *See Niblack v. Murray*, No. CV126910MASTJB, 2016 WL 4086775, at *1 n.1 (D.N.J. July 29, 2016) (citing *Pratt v. Port Auth. of N. Y. & N.J.*, 563 F. App'x 132, 134 (3d Cir. 2014) ("[B]ecause [the plaintiff] is proceeding pro se, we will construe his brief liberally."); *Marcinek v. Comm'r*, 467 F. App'x 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant")). *See generally Haines v. Kerner*, 404 U.S. 519 (1972). I have construed Humphrey's

complaint and his (unfiled) opposition and cross-motion for summary judgment in the liberal spirit of *Haines*.

## IV. DISCUSSION AND ANALYSIS

In the sole remaining count of his complaint, Humphrey alleges a violation of the FDCPA, 15 U.S.C. § 1692, and in particular, Section 1692g. Underpinning Humphrey's claim are the allegations that Humphrey's mortgage on the Property is a household "debt" and that PennyMac is a "debt collector" rather than a "creditor," as those terms are defined in § 1692a.

PennyMac, however, contends that Humphrey's debt is not a household "debt" as that term is defined in the FDCPA, and that PennyMac is not a "debt collector" within the meaning of that Act. I agree.

First, for the purposes of the FDCPA, "debt" means:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5) (emphasis added).

Here, Humphrey's obligation under the Note and Mortgage arises out of a transaction in which the Property that is the subject of the transaction was to be used for "investment" purposes, not "primarily for personal, family, or household purposes."[4] Humphrey indicated as much in his loan application,

---

[4] As District Judge Cecchi has noted, "Many courts have found that the FDCPA does not apply to debts associated with investment properties because the debt was not incurred for 'personal, family, or household purposes.'" *Akinfaderin-Abua v. Dimaiolo*, No. 13-CV-3451 CCC, 2014 WL 345690, at *3 (D.N.J. Jan. 30, 2014) (citing *Staub v. Harris*, 626 F.2d 275, 273 (3d Cir. 1980); *Klahn v. Clackamas Cnty. Bank*, No. 3:13–CV–621, 2013 WL 3834709, at *4 (D. Or. July 24, 2013) (finding that "a debt associated with rental properties or for investment purposes is not considered a consumer debt under the FDCPA"); *Affinity Fed. Credit Union v. Allstar Contracting, LLC*, No. 11-2423, 2011 WL 6020588, at *2 (D.N.J. Dec. 1, 2011) (finding "the FDCPA is inapplicable to the collection of commercial debts"); *Petsche v. EMC Mortg. Corp.*, 830 F. Supp. 2d 663, 673 (D. Minn. 2011) (finding debt at issue "falls outside of the FDCPA" because it "relates to a mortgage taken out on an investment property"); *Herschelman v. New Century Mortg. Corp.*, No. 0–00461, 2010 WL 4448224, at *4–5 (D.

and he confirmed under oath in the Occupancy Affidavit that he "shall rent the Property and shall not occupy the Property" (Def. Facts Ex. D). Accordingly, the Note and Mortgage do not obligate Humphrey to pay a "debt" within the meaning of the FDCPA.

Second, the FDCPA defines a "debt collector" as:

> [A]ny person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(6).

Here, PennyMac's "primary business is the *ownership* of mortgage loans," not the collection of debts. (See Def. Facts ¶ 7) (emphasis added) Indeed, PennyMac holds the Note and Mortgage securing the Property by assignment. It follows that PennyMac's attempts to collect the Loan were not attempts to collect debt "owed or due [to] another." "The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). Accordingly, PennyMac is not a third-party "debt collector" under the FDCPA.

Finally, I consider Humphrey's unfiled Affidavit in opposition to PennyMac's motion for summary judgment. The Affidavit states that it is submitted "in support of Plaintiff's cross motion for summary judgment." No such motion was filed, however. Nevertheless, PennyMac responded to it on that basis, and I will also consider it for that purpose.[5]

---

Haw. Oct. 29, 2010) (finding that FDCPA does not apply to the property Plaintiff owns and rents out to tenants); *Martin v. Berke & Spielfogel*, No. 95–0005, 1995 WL 214453, at *4 (E.D. Pa. 1995) (finding that FDCPA does not apply to commercial debt)).

5   When the parties file cross-motions for summary judgment, the governing standard "does not change." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468-69 (D.N.J. 2002) (citing *Weissman v. U.S.P.S.*, 19 F. Supp. 2d 254 (D.N.J.1998)). The court must consider the motions independently, in accordance with the principles outlined above. *Goldwell of N.J., Inc. v. KPSS, Inc.*, 622 F. Supp. 2d 168, 184 (D.N.J. 2009); *Williams v. Philadelphia Housing Auth.*, 834 F. Supp. 794, 797 (E.D. Pa. 1993), *aff'd*, 27 F.3d 560 (3d Cir.1994). That one of the cross-motions is denied does not imply that the other must be granted. For each motion, "the court construes

Humphrey asserts in his unfiled Affidavit (1) that PennyMac "is a debt collector pursuant to 15 U.S.C. § 1692a(5)."; (2) that Humphrey incurred the debt "for personal, family, or household services."; and (3) that Humphrey "was subject to a debt collection [pursuant to 15 U.S.C. § 1692a(6)] by the defendant PENNYMAC." (Pl. Aff. ¶¶ 4–5, 7–8) These, however, are unvarnished legal conclusions; these statements parrot the statutory elements but offer no supporting facts. All of the evidence is that this debt financed an investment, not Humphrey's home, and that PennyMac is a creditor, not a third-party debt collector. Merely stating otherwise does not create a genuine dispute of material fact. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) ("[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment."). Whether considered in opposition to PennyMac's motion or in support of Humphrey's cross-motion, the Affidavit does not create and genuine issue and does not support granting any relief in Humphrey's favor.

## V.    CONCLUSION

For the reasons set forth above, PennyMac's motion for summary judgment is GRANTED. For the avoidance of doubt, Humphrey's unfiled cross-motion for summary judgment is DENIED. An appropriate order follows.

Dated: July 26, 2016

KEVIN MCNULTY
United States District Judge

---

facts and draws inferences in favor of the party against whom the motion under consideration is made" but does not "weigh the evidence or make credibility determinations" because "these tasks are left for the fact-finder." *Pichler v. UNITE*, 542 F.3d 380, 386 (3d Cir. 2008) (internal quotation and citations omitted).